**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERTO CARLOS JERONIMO HERNANDEZ,**<br>*Petitioner*<br>**v.**<br>**J.L. JAMISON**, Warden, Federal Detention Center, Philadelphia; **JOHN E. RIFE**, Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; **MARKWAYNE MULLIN**, Secretary of the Department of Homeland Security; and **TODD BLANCHE,** United States Attorney General,<br>*Respondents* | **Civil No. 26-8112** |

**MEMORANDUM**

**Costello, J.** **November 18, 2026**

Petitioner Roberto Carlos Jeronimo Hernandez is a citizen of Guatemala who has lived in the United States since at least May 2023. On October 20, 2026, Immigration and Customs Enforcement ("ICE") detained him under 8 U.S.C. § 1226(a) pursuant to a handwritten warrant drawn up at the scene and served on Petitioner prior to the issuance of a notice to appear. While detained at the Federal Detention Center in Philadelphia, Pennsylvania, Jeronimo Hernandez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his detention violates the Immigration and Nationality Act ("INA"), due process, and the *Accardi* doctrine. The Government opposed the Petition. As is discussed in detail below, the Court finds that ICE improperly arrested Hernandez. Accordingly, the Court will grant the Petition and order Petitioner's immediate release.

## I. BACKGROUND

Petitioner Jeronimo Hernandez is a citizen of Guatemala who has resided in Elkton, Maryland since May 2023. ECF No. 1-3; ECF No. 1 ¶ 18. Prior to his arrest, Petitioner had never encountered immigration officials, and he reportedly has no criminal history. *Id.* ¶¶ 18-19.

On October 20, 2026, ICE officers were conducting an immigration investigation to locate another individual. ECF No. 4 at 5. ICE officers were surveilling this individual's last-known address when they saw Petitioner exit the house, get into a vehicle, and drive away. *Id.* at 2. Because Petitioner purportedly matched the physical description of the individual ICE was seeking, ICE officers followed the car and pulled it over. *Id.* The officers determined that Petitioner was a citizen and national of Guatemala and that he was unlawfully in the United States. *Id.* The officers then arrested Petitioner. *Id.* at 3. At the scene of the arrest, the officers issued Petitioner a handwritten Form I-200 warrant. *Id.*; ECF No. 4-2 at 2.

ICE then transported Petitioner to the district office in Philadelphia, Pennsylvania. ECF No. 4 at 3. There, officers issued him an electronically generated Form I-200 warrant for his arrest. *Id.* ICE officers also issued him a Notice to Appear (Form I-862), and a Notice of Custody Determination (Form I-286), which informed Petitioner that he would be detained pending a final administrative determination. *Id.* Petitioner requested review of ICE's custody determination by an immigration judge, and the immigration court is in the process of scheduling that hearing. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is available "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that

custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus if a petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes a noncitizen's challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citation and quotations omitted)).

## III. DISCUSSION

### A. Administrative Exhaustion

Before seeking judicial relief, habeas petitioners "are ordinarily required to exhaust their administrative remedies." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). However, exhaustion can be excused in circumstances where (1) exhaustion "would be futile[;]" (2) "the actions of the agency clearly and unambiguously violate statutory or constitutional rights[;]" or (3) "if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). Courts may also waive exhaustion where the issue presented is one of statutory construction. *Vasquez Cruz v. Jamison*, No. 26-cv-07784, 2026 WL 3182469, at *2 (E.D. Pa. Oct. 23, 2026) ("[Petitioner's] claim is one of statutory construction, allowing me to waive exhaustion in this case.") (citing *Delgadillo v. Blanche*, No. 26-cv-6195, 2026 WL 2569475, at *2 (E.D. Pa. Aug. 31, 2026); *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012)).

Here, Petitioner alleges, among other things, that the Government arrested him in violation of the INA. Because Petitioner has raised a claim of statutory construction, the Court will dispense with the exhaustion requirement. *Id.*

**B. Violation of the INA and Implementing Regulations**

**1. Arrest Under Section 1226(a)**

Section 1226(a) permits ICE to arrest and detain a noncitizen "[o]n a warrant" pending the outcome of his removal proceedings. 8 U.S.C. § 1226(a). A Form I-200 is the administrative warrant that the U.S. Department of Homeland Security ("DHS") and ICE employ when arresting noncitizens under Section 1226(a). Such a warrant is valid "[a]t the time of issuance of the notice to appear, or at any time thereafter." 8 C.F.R. § 236.1(b)(1).

Here, ICE issued a handwritten warrant (Form I-200) to the Petitioner at the scene of his arrest. ECF No. 4 at 3. He was not served a Notice to Appear until later, after he was transported to the ICE district office in Philadelphia. *Id.* Accordingly, the handwritten warrant was not valid. *See Lopez-Lopez v. Jamison*, No. 26-cv-7618, 2026 WL 3094744, at *4 (E.D. Pa. Oct. 16, 2026) (Kenney, J.); *Vasquez Cruz v. Jamison*, 2026 WL 3182469, at *3 (Wolson, J.); *Chub Coc v. Jamison*, No. 26-cv-8177, 2026 WL 3270087, at *4 (E.D. Pa. Oct. 30, 2026) (Sánchez, J.) ("[W]ithout a valid NTA in place, removal proceedings are not pending, and Respondents have no authority to make an arrest or effectuate detention pursuant to § 1226(a)." (quoting *Loaeza v. Bausch*, No. 26-cv-00945, 2026 WL 2150155, at *1 (W.D.N.Y. July 27, 2026))); *Garcia Arevalo v. Jamison*, No. 26-cv-7971, 2026 WL 3218224, at *4 (E.D. Pa. Oct. 27, 2026) (Marston, J.).

A Notice to Appear is a "case-initiating document"—"like an indictment in a criminal case [or] a complaint in a civil case"—and "serves as the basis for commencing a grave legal

proceeding" against a noncitizen. *Niz-Chavez v. Garland*, 593 U.S. 155, 163–64 (2021) (citation omitted). Without the proper initiation of Petitioner's immigration case through a Notice to Appear, ICE had no statutory authority to arrest him. Therefore, Petitioner's arrest was unlawful and the handwritten warrant, drafted and served before the issuance of the Notice to Appear, was invalid.

**2. Arrest Under Section 1357(a)(2)**

Pursuant to 8 U.S.C. § 1357(a)(2) ICE is authorized to make warrantless arrests under certain limited circumstances not presented here. Section 1357(a)(2) permits a warrantless arrest if the officer "has reason to believe" the individual is in violation of United States immigration laws and "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language "as equivalent to 'probable cause.'" *Tabora-Brizuela v. Mullin*, No. 26-cv-7010, 2026 WL 2908095, at *2 (E.D. Pa. Sept. 28, 2026) (quoting *Lee v. Immigr. & Naturalization Serv.*, 590 F.2d 497, 500 (3d Cir. 1979)). This probable cause analysis is based on what the arresting officer knew at the officer took the individual into custody. *Tabora-Brizuela*, 2026 WL 2908095, at *2.

The Government has not alleged, argued, or presented any evidence that Petitioner was likely to escape or posed a flight risk at the time of his arrest. Accordingly, the Government was not permitted to make a warrantless arrest under the circumstances of this case.

## IV. CONCLUSION

Because the warrant issued to the Petitioner was invalid and the Government cannot justify a warrantless arrest, the Petitioner was detained in violation of the INA. His immediate release is therefore warranted. An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge